[No. 9367. Department One. — July 27, 1886.]

HENRY D. BACON ET AL., APPELLANTS, v. WILLIAM IRVINE ET AL., RESPONDENTS.

CORPORATION — ACTION BY STOCKHOLDERS — REQUEST ON DIRECTORS TO BRING — MUST BE MADE IN GOOD FAITH. — The action was brought by certain stockholders of a corporation against the company, its president, directors, and other officers, for the purpose of procuring the appointment of a receiver of the corporate property; to compel each and all of

the defendants to account to the company; that an assessment levied upon its capital stock be rescinded; and that the sale of the stock in payment of the assessment be enjoined. The complaint alleged that all of the individual defendants had conspired together and embezzled a large amount of the corporate funds. It further alleged that the plaintiffs had requested the directors of the corporation to bring the action in the name of the company, but that they had refused. On the trial, no evidence connecting the directors with any fraudulent act or embezzlement of the corporate property was introduced, and it appeared that the sole object of the action was to compel the defendants, other than the directors, to account to the company for certain corporate property alleged to have been fraudulently appropriated by them. *Held*, that the action could not be maintained by the stockholders, for the reason that the request made by them on the directors to bring the action was simulated, and did not express the real nature of the action that they desired to have brought.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion.

*McAllister & Bergin*, for Appellants.

The court erred in granting a nonsuit as against any of the directors, on the ground that no proper demand had been made on them to institute the action in the name of the company. Such a demand would have been unavailing, as the directors were the very parties charged with the wrong. Under these circumstances, the rule of equity is, that no demand is necessary by the stockholders before they commence their action. (Morawetz on Corporations, sec. 386; *Hazard* v. *Durant*, 11 R. I. 202; *Dike* v. *Green*, 4 R. I. 285; *Heath* v. *E. R'y Co.*, 8 Blatchf. 347; *Rogers* v. *Lafayette Ag. Works*, 52 Ind. 306; *March* v. *Eastern R. R. Co.*, 40 N. H. 548; *Robinson* v. *Smith*, 3 Paige, 222; *Dodge* v. *Woolsey*, 18 How. 331; *Brewer* v. *Boston Theatre*, 104 Mass. 378; *Hodges* v. *New England Screw Co.*, 1 R. I. 312; *Goodin* v. *Cincinnati etc. Co.*, 18 Ohio St. 169; *Peabody* v. *Flint*, 6 Allen, 52; *Sears* v. *Hotchkiss*, 25 Conn. 171; *Wright* v. *Oroville etc. Co.*, 40 Cal. 20; *Allen* v. *Curtis*, 26 Conn. 456.)

*George W. Towle, Jr.,* for Respondent William Irvine.

This being a stockholders' suit, it is necessary to show a request made to the directors to bring the action in the name of the corporation, and a refusal so to do, before the stockholders can maintain the action. The request must be made in good faith, and if it appears not to have been so made, but to have been made in such wise as to designedly prevent the corporation from granting it, with a view of keeping the conduct of the action in the hands of the stockholders, then the request and refusal will confer no right upon the stockholders to maintain the action. (*Hawes* v. *Oakland,* 104 U. S. 450.)

FOOTE, C.—This is an appeal from a judgment of non-suit and an order denying a new trial.

The plaintiffs, Henry D. Bacon and others, stockholders of the Morgan Mining Company; instituted an action in equity against that company, its president, Charles T. Botts, its treasurer, William Irvine, its superintendent, Robert Irvine, John Douglass, an employee, and James H. Wallace, Joseph M. Maguire, Robert Dixon, and T. K. Wilson, directors of said corporation. The purpose had in view by the plaintiffs in bringing their suit appears from the complaint to have been to procure the appointment of a receiver to take charge of the mine, and all the property thereto appertaining, and its products, and that each and all the defendants be compelled to account to the company; that an assessment before that time levied upon its capital stock be rescinded, and that an injunction be issued restraining the sale of any of said stock for the non-payment of said assessment, and for general relief.

It was charged against each and all of the board of directors, including its president, C. T. Botts, the treas-urer, William Irvine, the superintendent, Robert Irvine, and John Douglass, who was the foreman of the mine, that they had embezzled gold produced from the mine to the extent of more than one hundred thousand dollars.

The material allegations, charging conspiracy, fraud, or embezzlement, were denied by the answers of the several defendants.

So far as the proofs introduced by the plaintiffs on the trial of the cause (which was had before the court without a jury) threw any light upon the matter, it did not in the remotest degree connect Charles T. Botts, T. K. Wilson, James H. Wallace, Joseph M. Maguire, or Robert Dixon with any transaction whatever which showed them to have been guilty of the smallest degree of turpitude, or that they even had the least opportunity, in any connection whatsoever, to have been guilty of the charges made against them.

The evident effort, as disclosed by the proof adduced, was to show that William Irvine, Robert Irvine, and John Douglass had fraudulently appropriated a great amount of gold that had been obtained from the mine, so that they only of the defendants should be compelled to account for and pay over such products.

There appeared to be an end to the project of forcing the directors to any accounting, or to restrain the collection of the assessment on the capital stock.

To us it appears that the plaintiffs, at the time they, in writing, requested the president and directors of the mining company to institute an action "against said William Irvine and the aforesaid present directors of said company," were aware that they had no cause of action against said directors at least.

It does not follow, even although in their answers they have sustained William Irvine in his acts, that if a full and fair presentment of real, tangible, and clear facts going to show any bad faith in the management of the mine on his part, and that of his brother and John Douglass, had been made to them, that said directors would have declined to institute a suit against the three persons above named; for it is not fair to presume that men as untainted with fraud as those directors are shown to be

would have refused in a proper case to bring such an action.

The real object had in view, as the evidence discloses, was not stated to the directors, and that was not fair-dealing toward them.

From all of which conduct in the premises on the part of the plaintiffs, it is clear that their request was not an earnest but a simulated one. In such a case, a court of equity will not entertain such an action by stockholders as this. (*Hawes* v. *Oakland,* 104 U. S. 450, 460, 461.)

We have examined all the evidence in the transcript with care, but have failed to find any *facts* proved which show William Irvine, his brother Robert, or John Douglass to have, either singly or together, appropriated to their own use any of the products of the mine.

The only things which have been made clear and certain are, that all their acts were open and above-board.

That the sum of $9,305.62 was accounted for to the company as that which had come through the hands of the two Irvines and Douglass as part of the output of the mine.

That some of the ores taken out therefrom had been stolen by an employee, the amount of which could not be ascertained.

That samples of ore had been sent to the office of the corporation, the exact value of which was unknown.

Beyond this, nothing is disclosed in the voluminous testimony of many witnesses, rising to the dignity of even probability, which touches the integrity of those complained of.

The witnesses differ materially as to how much the mine produced, and as to what went with the ores taken out.

It does not appear to us possible that the learned judge below could have formed even an approximate opinion as to what the real value of such ores was, or as to what disposition was made of them.

To have rendered a judgment against any of the defendants, as prayed for, would have been to have substituted conjecture for necessary proof.

. We are therefore of opinion that the judgment and order should be affirmed.

BELCHER, C. C., and SEARLS, C., concurred.

The COURT. —For the reasons given in the foregoing opinion, the judgment and order are affirmed.