[No. 13145. In Bank. — September 10, 1890.]

## J. GOLDMAN, Appellant, *v.* MARY J. ROGERS, Respondent.

Equity — Special Verdict of Jury — Adoption of Verdict — Recitals in Findings and Judgment. — In an equity case, where it appears from the recitals in the findings of fact and in the judgment that the court made its findings of fact and conclusions of law, upon special issues of fact submitted to a jury, in accordance with the verdict of the jury, it is sufficiently shown that the court adopted the findings of the jury, and it is not necessary that the word "adopt" be used in order to show an adoption of their verdict.

Id. — Appeal — Identification of Special Verdict — Judgment Roll — Presumption. — The special verdict of a jury in an equity case is sufficiently identified to be considered on appeal where the clerk of the trial court certified that the transcript on appeal was a full, true, and correct transcript of the issues submitted and answers thereto, and verdict of the jury thereon. Such verdict is part of the judgment roll, and will be presumed to have been properly recorded and entered by the clerk in the minutes of the court, as required by section 628 of the Code of Civil Procedure.

Id. — Husband and Wife — Separate Property of Wife — Ejectment — Cross-complaint to Quiet Title — Findings — Support of Judgment — Immaterial Issue. — Where the wife of an execution debtor is sued in ejectment as a *feme sole*, by one claiming the land under an execution sale against her husband, and avers in a cross-complaint to quiet title that the property is her separate estate, and that she paid for the land with money owned by her in her own exclusive right, the special verdict of a jury returned and adopted by the court, finding that she bought the land with money which was her separate property, is sufficient to support a judgment in her favor, and renders an issue as to her

marriage with the execution creditor, at the date of the purchase, immaterial, and a finding upon it not essential; and an alleged conflict between a special finding of the court as to the date of the marriage, and a general finding that the allegations of plaintiff's answer to the cross-complaint are untrue, will be disregarded.

APPEAL from a judgment of the Superior Court of Tulare County.

The facts are stated in the opinion.

*Lamberson & Taylor*, for Appellant.

The findings conflict as to whether defendant was married at the date of the purchase. Contradictory findings will not support a judgment. (*Reese* v. *Corcoran*, 52 Cal. 495; *Manly* v. *Howlett*, 55 Cal. 96; *Sloss* v. *Allman*, 64 Cal. 47.) The court did not adopt the special verdict, and it being merely advisory to the judge, was of no force or effect until adopted by him, and could acquire force or effect solely from such adoption. (Hayne on New Trial and Appeal, secs. 232, 234; *Stockman* v. *Riverside L. & I. Co.*, 64 Cal. 57; *Warring* v. *Freear*, 64 Cal. 54; *Gray* v. *Eaton*, 5 Cal. 448; *Sweetser* v. *Dobbins*, 65 Cal. 529; *Spottiswood* v. *Weir*, 66 Cal. 529; *Harris* v. *S. F. S. R. Co.*, 41 Cal. 405.)

*Cosper & Boller*, for Respondent.

The verdict, either general or special, is part of the judgment roll. (Hayne on New Trial and Appeal, sec. 232; Code Civ. Proc., sec. 670, subd. 2.) In an equity case where all the issues are not presented to or passed on by the jury, the special verdict is to be regarded as a portion of the findings of the court. (*Bates* v. *Gage*, 49 Cal. 126.) In an equity case where issues are submitted to a jury, the adoption of the verdict is equivalent to a finding by the court to the extent to which the verdict covers the issues made by the pleading, and it is the duty of the court, when it adopts a verdict, to find upon all issues not covered by it unless such findings are waived. (*War-*

*ring* v. *Freear*, 64 Cal. 54.) The court will not reverse a judgment on an immaterial issue. The question of marriage at the date of the purchase is immaterial. The facts found sustain the judgment, outside of marriage, and there was no necessity to go further and find on other issues. (*Robarts* v. *Haley*, 65 Cal. 402.)

BELCHER, C. C. — The plaintiff brought this action to recover possession of two lots of land in the town of Tulare, the complaint being in the ordinary form in ejectment. The defendant, by her answer, denied all the averments of the complaint, and then, by way of cross-complaint, set up that she purchased the lots on the twenty-fifth day of July, 1882, and received a good and sufficient bargain and sale deed thereof, in her own name, which was afterwards recorded, and that she "paid therefor money owned by her in her own exclusive right"; that ever since the date of her purchase she had been the owner of the lots, and in the actual and exclusive possession thereof; that the plaintiff claimed an estate or interest in the property adverse to her, under and by virtue of a deed made to him by a constable, under date of December 31, 1886, in pursuance of a sale of the property under an execution issued on a judgment against one H. G. Rogers, but that the plaintiff had no estate, right, title, or interest whatever therein; wherefore she prayed that her title be quieted. The answer to the cross-complaint denied that the defendant purchased the lots at the time named, or at all, or that she "paid for said land, or any portion thereof, with money owned by her in her own exclusive right, or owned by her at all"; and it alleged that the property was purchased by H. G. Rogers, who was, at the time, the husband of defendant, and paid for with money earned by him, and which was their community property, and that plaintiff had acquired the title of H. G. Rogers under an execution sale, and was the owner of

the lots. When the case came on for trial, special is-
sues were framed and submitted to a jury, and a verdict
was returned in favor of the defendant. The court then
made further findings, and gave judgment for the de-
fendant, from which the plaintiff appeals on the judg-
ment roll. The court found that the plaintiff obtained
a judgment in a justice's court against H. G. Rogers,
and, under an execution issued thereon, caused the lots
to be sold on the twenty-second day of December, 1885;
that he bid them in, and on the 31st of December, 1886,
obtained the constable's deed for them, and that this was
his only title; that H. G. Rogers and the defendant were
married in 1878, and at the time the judgment above
named was obtained, and the lots levied on sold and
conveyed by the constable, they were husband and wife;
that on the twenty-fifth day of July, 1882, the defendant
obtained a deed for the lots in her own name, and there-
upon went into, and ever since had been in, possession
of the same; that at the time of the purchase of the lots
defendant had money which was her separate property;
and "that all the allegations and averments of defend-
ant's cross-complaint are true, and all the allegations
and averments of the plaintiff's complaint, and the de-
nials and allegations of plaintiff's answer to defendant's
cross-complaint, are untrue." And the jury found that
the lots were wholly paid for by the defendant with
money which she had at the time of her marriage, and
which was her separate property.

1. It is argued for the appellant that the verdict of a
jury in an equity case is merely advisory, and has no
force or effect until approved and adopted by the court;
that there is nothing in the record here to show that the
verdict of the jury was adopted by the court, and hence
there is no finding upon the material issue as to whether
or not the lots were paid for with money which was the
separate property of the defendant; and that, for the
want of such finding, the judgment should be reversed.

This position is not sustained by the record. The findings of the court recite: "And the court and jury having heard the proofs of the respective parties, and considered the same, and the records and papers in the cause and the arguments of the respective attorneys thereon, and the cause having been submitted to the jury upon certain special issues of fact raised by the pleadings and proofs in said case, and to the court upon other remaining issues raised therein, the court now finds the following facts," etc. And again: "The jury in this action having found a verdict in favor of the defendant herein upon the special issues submitted to them, which said special issues, as submitted, and the verdict of said jury, are on file in this action; therefore, as conclusions of law from the foregoing facts, and from the verdict of the jury upon the special issues of fact submitted to them, the court now hereby finds and decides," etc. And the judgment also recites: "This cause having been regularly called and tried by the court and jury, and the jury having found their verdict in favor of the defendant upon special issues of fact submitted to them, and the court having made its findings of fact and conclusions of law therefrom, and from the verdict of the jury on said special issues of fact, and the decision thereon in writing having been duly rendered by the court, which are on file in this cause," etc. From these recitals it very clearly appears, we think, that the court did adopt the findings of the jury. It was not necessary that the word "adopt" be used in order to show an adoption.

2. It is contended that the verdict of the jury "cannot be considered, for the further reason that it does not appear by any indorsement thereon to have ever been identified as such a verdict, or filed as such, and does not appear to have been recorded or entered upon the minutes of the court." But the clerk of the trial court certifies "the foregoing to be a full, true, and correct transcript of the issues submitted and answers thereto, and

verdict of the jury thereon, in the foregoing entitled action, as appears from the originals thereof on file in my office, and of the whole thereof." This was a sufficient identification of the verdict. It was a part of the judgment roll (Code Civ. Proc., sec. 670), and will be presumed to have been properly recorded and entered by the clerk in the minutes of the court, as required by section 628 of the code.

3. It is further contended that the findings of the court in regard to the marriage relation of the defendant are contradictory, and being so, that they cannot support the judgment. This contention is based upon the following facts: The property was purchased in July, 1882, and the plaintiff alleged in his answer to the cross-complaint that it was purchased by " one H. G. Rogers, who was at such time the husband of defendant." The court found that H. G. Rogers and the defendant were married in 1878, and that at the time the judgment was obtained against him, and the property levied on, sold and conveyed by the constable, they were husband and wife. It also found that all the allegations of plaintiff's answer to the cross-complaint were untrue.

Now, conceding, without deciding, that there was a conflict in the findings in regard to the defendant's marital relations in 1882, still the question is, Was that issue, in view of the other findings, at all material? The defendant was sued in ejectment as a *feme sole,* and the question was, Did she own the demanded premises? or did the plaintiff own them? If the property was bought and paid for by defendant with money which she had at the time of her marriage in 1878, and which continued to be her separate property, then clearly she was the owner, and was entitled to have judgment entered quieting her title as against the plaintiff, whether at the time of her purchase she was the wife of H. G. Rogers or not. In our opinion, when the verdict of the jury was returned and adopted by the court, the issue referred to

became immaterial, and it was not essential that there be any finding upon it. The facts found sustain the judgment, and there was no necessity to go further and find on other issues. We find no prejudicial error in the record, and advise that the judgment be affirmed.

HAYNE, C., and FOOTE, C., concurred.

The COURT.— For the reasons given in the foregoing opinion, the judgment is affirmed.