[No. 15408.   Department Two.—June 13, 1894.]

GEORGE H. MORRISON, APPELLANT, v. N. J. STONE ET AL., RESPONDENTS.

EQUITY CASE—ADOPTION OF SPECIAL VERDICT—FINDINGS.—Where a special verdict of a jury is adopted in an equity case by the court it takes the place of, and is equivalent to, findings by the court; and in order to show such an adoption it is not necessary that the word "adopt" should be used, but it is sufficient if it appears in any way.

ID.—MOTION FOR JUDGMENT UPON SPECIAL VERDICT—INCORPORATION OF VERDICT IN JUDGMENT.—Where, upon the hearing of defendants' motion for judgment upon a special verdict, an order is made "that judgment be entered in accordance with the verdict of the jury rendered herein," and all of the special issues submitted to the jury, with

their answers or findings thereon, are incorporated in the judgment, together with the general verdict, it sufficiently appears that the court "adopted "the special verdict.

CORPORATIONS—ACTION BY STOCKHOLDER—SIMULATED DEMAND AND REFUSAL.—In an action by a stockholder of a corporation, on behalf of himself and other stockholders, against certain other stockholders and an officer of the corporation, for damages for injury to the corporation, and for an accounting, a finding that the demand of the plaintiff upon the corporation to bring the action and its refusal to do so, were simulated, and not in good faith, negatives the right of the plaintiff to maintain the action.

FINDINGS—IMMATERIAL OMISSION.—The failure to find upon a fact in issue in an action, which, if found in favor of the appellant, would not affect the judgment, if error, is not prejudicial.

APPEAL from a judgment of the Superior Court of Santa Clara County.

The facts are stated in the opinion.

*Pierson & Mitchell,* for Appellant.

*Reddy, Campbell & Metson,* for Respondent.

HAYNES, C.—This action was brought by Morrison, a stockholder in the History Company, a corporation, on behalf of himself and of all other stockholders in said corporation who should join him in the action, against N. J. Stone, J. L. Hebert, Elizabeth C. Latham, administratrix of the estate of A. S. Latham, and said History Company.

The complaint charges a conspiracy between Stone, Hebert, and Latham, all of whom were connected with said History Company (Stone being vice-president), to injure that corporation, by organizing another, known as the Pacific Publishing Company, and that after the formation of the last-named corporation Stone assumed to sell and transfer to it the stock of eastern subscription books belonging to the History Company, together with the agency and goodwill thereof, whereby the History Company had been deprived of a large portion of its stock in trade, had lost valuable agencies, was crippled in its business, and had been compelled to suspend payment of dividends, to the damage of the History

Company in the sum of fifty thousand dollars. The prayer is for damages, and for an accounting.

The answers of the several individual defendants put in issue all the material allegations of the complaint, including the facts upon which the plaintiff assumed the right to bring the action in his own name.

The case was tried before a jury upon nine special issues properly submitted to it, to all of which the jury returned answers in favor of the defendants, and also therewith returned a general verdict in their favor. The defendants moved for judgment thereon, and their motion was granted, and the plaintiff excepted, and brings this appeal upon the judgment-roll and a bill of exceptions.

The only ground upon which appellant contends for reversal is, that findings were not waived, and that none were filed.

It is said by respondents that this is an action at law for damages, and that the general verdict covers all the issues, and that findings are not required; while appellant insists that it is an equitable action. Without deciding that question we will assume that the action is of equitable cognizance, since there could be no possible ground of reversal if the action is at law.

Where a special verdict of a jury is adopted by the court it takes the place of, and is equivalent to, findings by the court. (*Warring* v. *Freear*, 64 Cal. 56.) Nor is it necessary that the word " adopt " be used in order to show an adoption of the findings made by a jury upon special issues. (*Goldman* v. *Rogers*, 85 Cal. 578.) That the special verdict was adopted by the court we think is sufficiently clear. Upon the hearing of defendants' motion for judgment, an order was made " that judgment be entered in accordance with the verdict of the jury rendered herein"; and all the special issues submitted to the jury, with their answers or findings thereon, were incorporated in the judgment, together with the general verdict. Indeed, it is not even suggested by counsel for appellant that the special findings

by the jury were not adopted; nor is it contended that the special verdict does not cover all the issues. Whether it does or not is immaterial, since the findings made by the jury are decisive of the case, and no others were necessary.

Among other things the jury found that the demand of the plaintiff upon the History Company to bring this action, and its refusal to do so, were simulated, and not in good faith. These findings negatived the right of the plaintiff to maintain the action. (*Bacon* v. *Irvine*, 70 Cal. 225; *Hawes* v. *Oakland*, 104 U. S. 460, 461; Morawetz on Corporations, secs. 240, 241.) The material facts involving the merits of the action were also found in favor of the defendants. We can discover no fact in issue upon which a finding is not made, which, if found in favor of appellant, would affect the judgment, and a failure to find thereon, if erroneous, is not prejudicial. (*Diefendorff* v. *Hopkins*, 95 Cal. 347, 348, and cases cited.)

The judgment appealed from should be affirmed.

BELCHER, C., and TEMPLE, C., concurred.

For the reasons given in the foregoing opinion, the judgment appealed from is affirmed.

DE HAVEN, J., FITZGERALD, J., McFARLAND, J.