[Sac. No. 1032.    Department One.—August 17, 1904.]

SIERRA UNION WATER AND MINING COMPANY et al., Appellants, v. JOHN G. WOLFF et al., Respondents.

ACTION TO QUIET TITLE—ORDER STRIKING OUT COST-BILL—JURISDICTION UPON APPEAL.—In an action to quiet title the court has jurisdiction of an appeal from an order striking out a cost-bill in a sum less than three hundred dollars. In all cases, legal or equitable, where this court has appellate jurisdiction of the matter brought in controversy in the lower court, the appealability of an order made before or after final judgment is not controlled or affected by the amount involved in such order.

ID.—RIGHT OF PLAINTIFF TO COSTS—EQUITABLE CHARACTER OF ACTION—STATUTORY RIGHT.—The right of the plaintiff in an action to quiet title is not to be determined by the equitable character of the action, or by its form or nature, but depends upon the terms of the statute. Costs are allowed, of course, to the plaintiff in such action upon judgment in his favor, under the terms of section 1022 of the Code of Civil Procedure.

ID.—JUDGMENT IN PART FOR EACH PARTY.—Where the plaintiff has any judgment in his favor in an action to quiet title, though it be for only a part of the property, and though the defendant has judgment in his favor for the residue, the plaintiff is entitled, under the terms of the statute, to recover his costs, as of course.

APPEAL from a judgment of the Superior Court of Sierra County from an order denying a motion to set aside the judgment and correct the conclusion of law and from an order striking out a cost-bill.    Stanley A. Smith, Judge.

The facts are stated in the opinion.

Frank R. Wehe, for Appellants.

Appellants were entitled to their costs as matter of right, under section 1022 of the Code of Civil Procedure. (*Stoddard* v. *Treadwell,* 29 Cal. 282; *Schmidt* v. *Klotz,* 130 Cal. 224; *Havens* v. *Dale,* 30 Cal. 547; *Lawton* v. *Gordon,* 37 Cal. 202.)    The court has jurisdiction of the appeals herein. (*Harron* v. *Harron,* 123 Cal. 509; *Southern California Ry. Co.* v. *Superior Court,* 127 Cal. 417; *Elledge* v. *Superior Court,* 131 Cal. 279.)

T. D. Soward, for Respondents.

The court has no jurisdiction of the appeals herein. (*Fairbanks* v. *Lampkin,* 99 Cal. 429; *Ertle* v. *Placer County,* (Cal.) 44 Pac. Rep. 229.) The suit was upon an adverse claim upon application for a mining patent. Both parties were actors. (*Harris* v. *Kellogg,* 117 Cal. 485.) There was no real issue as to lands of plaintiffs outside the conflict. (*Taylor* v. *McConigle,* 120 Cal. 123.) The conflict amounted to 92 acres, of which 84 acres were awarded to the defendant. Section 1024 of the Code of Civil Procedure is as strong for respondents as section 1022 is for appellants. Both parties alleged possession, and defendants pleaded a forfeiture. It was not essentially an ejectment in which a jury could be demanded. (*Moore* v. *Copp,* 119 Cal. 434; *Gillespie* v. *Gouley,* 120 Cal. 516.) Costs are in the discretion of the court in an equitable case. (*Gray* v. *Dougherty,* 25 Cal. 282; *Abram* v. *Stuart,* 96 Cal. 235; *Bathgate* v. *Irvine,* 126 Cal. 135.[1])

CHIPMAN, C.—In this case plaintiffs filed a memorandum of costs for $117.15. The court granted defendants' motion to strike it out and "disallowed all costs herein to plaintiffs." Plaintiffs appeal from the order. There is an appeal also from the judgment and from the order denying plaintiffs' motion to set aside the judgment and correct the conclusions of law therein on various grounds, and among others that the findings of fact required that plaintiffs should have a judgment for their costs. The only questions presented in the briefs relate to the order disallowing plaintiffs' costs.

The complaint is in form an action to quiet title in which plaintiffs claim to be the owners and possessed of certain mining ground known as the Last Chance Mining Claim (particularly described by metes and bounds). It is alleged that defendants, without right, claim an interest in the land adverse to that of the plaintiffs, and they are called upon to set forth the nature of their claim, etc.

Defendants in their answer deny that plaintiffs own or ever owned or possessed any interest in any part of the land described in the complaint, and allege on their behalf the ownership and possession of certain lands known as the Min-

[1] 77 Am. St. Rep. 158.

ers' Home Placer Mine Location (describing it by metes and bounds), containing 102.09 acres, which it is alleged conflicts with the so-called Last Chance Mining Claim to the extent of 99.197 acres (describing the land in conflict). A second defense alleges that the land mentioned in the complaint was forfeited prior to 1892 by failure to perform the required annual labor thereon, and certain facts are set forth showing an alleged conflict of defendants' location with the Last Chance, as originally located and as subsequently modified. Of the land described in the complaint and in the answer the court found defendants to be the owners of tract A of the Miners' Home Placer, containing 3.867 acres, and tract B, 83.426 acres, and that plaintiffs were the owners of 33.10 acres in one tract and certain other tracts (acreage not given) and all the land in certain locations "which . . . does not conflict with the Miners' Home Placer Mine Location which is hereinbefore designated." Plaintiffs' title was quieted to all the lands found to belong to them, and so likewise defendants' title was quieted to lands found to belong to them.

1. Respondents make the point that the court has no jurisdiction of the appeal, for the reason, as we understand respondents, that the amount of costs was less that three hundred dollars. (Citing *Fairbanks* v. *Lampkin,* 99 Cal. 429, and other cases.) The rule established by the more recent decisions is, that in all cases, legal or equitable, where this court has appellate jurisdiction of the matter brought in controversy in the lower court, the appealability of an order made before or after final judgment is not controlled or affected by the amount involved. (*Harron* v. *Harron,* 123 Cal. 508; s. c., 128 Cal. 303; *Southern California Railway Co.* v. *Superior Court,* 127 Cal. 417; *Elledge* v. *Superior Court,* 131 Cal. 279.)

2. By the provision of section 1022 of the Code of Civil Procedure, "Costs are allowed, of course, to the plaintiff, upon a judgment in his favor, in the following cases: 1. In an action for the recovery of real property. . . . 5. In an action which involves the title or possession of real estate. . . ." Section 1025 of the Code of Civil Procedure provides as follows: "In other actions than those mentioned in 1022, costs may be allowed or not, and, if allowed, may be apportioned between the parties, on the same or adverse sides, in

the discretion of the court. . . . '' Respondents claim that
the parties are merely nominal plaintiff and defendant, and
that the code sections do not apply; that both parties allege
possession and ask equitable relief; and that the case is not
one in which a jury could be demanded, and hence costs are
in the discretion of the court. (Citing *Gray* v. *Dougherty,*
25 Cal. 282; *Abram* v. *Stuart,* 96 Cal. 235; *Bathgate* v. *Irvine,*
126 Cal. 135.[1]) It is stated in the briefs that the court dis-
allowed plaintiffs' costs because in its view the action was
equitable, and costs therefore were in the discretion of the
court under section 1025. We do not think the question turns
on the form or nature of the action, but depends rather upon
the fact whether the case comes within the terms of the statute
relating to costs. The cases discussing the right of trial by
jury in actions to quiet title (see *Angus* v. *Craven,* 132 Cal.
691, and cases reviewed) have no necessary application to
the question here, as they depend upon constitutional pro-
visions. In *Kelly* v. *Central Pacific R. R. Co.,* 74 Cal. 565,
the action was for specific performance, and the court said:
''We are inclined to think that a suit for specific performance
'involves the title' to real estate within the meaning of sec-
tions 1022 and 1024 of the Code of Civil Procedure; and that,
therefore, upon a judgment in its favor, the defendant was
entitled to costs against the plaintiff as matter of right.''
*Schmidt* v. *Klotz,* 130 Cal. 223, was an action to quiet title
to a right of way. The court said: ''The code directs that
costs are allowed of course to the plaintiff upon a judgment
in his favor in an action which involves the title or possession
of real estate. (Code Civ. Proc., sec. 1022, subd. 5.)'' The
action in the present case certainly involved the title to real
estate. That plaintiffs did not recover judgment as to all
the land in controversy does not change the fact that they had
a judgment in their favor, any more than if they had sued
for five thousand dollars damages and recovered but one
thousand. This is true in ejectment (*Havens* v. *Dale,* 30 Cal.
547), and we see no reason why it is not true in the present
case. The defendants here denied plaintiffs' title and owner-
ship as to all the land, and this brings the case precisely
within the rule established in the case last cited.

[1] 77 Am. St. Rep. 158.

CXLIV. Cal.—28

It is advised that the order striking out plaintiffs' memorandum of costs and disallowing plaintiffs' costs be reversed, and that the trial court be directed to amend the judgment by inserting therein the plaintiffs' costs, and thus amended to stand approved.

Gray, C., and Harrison, C., concurred.

For the reasons given in the foregoing opinion the order striking out plaintiffs' memorandum of costs and disallowing plaintiffs' costs is reversed, and the court below is directed to amend the judgment by inserting therein the plaintiffs' costs, and as thus amended said judgment shall stand affirmed.

Van Dyke, J., Shaw, J., Angellotti, J.