[Sac. Nos. 1374, 1454. Department One.—September 24, 1906.]

ELIZABETH HOYT, Appellant, v. E. C. HART, Respondent.

WATER-RIGHTS — DITCHES — COMMON EASEMENTS — DECREE SETTLING RIGHTS—DIVISION OF WATER—MODIFICATION OF DITCH—INJUNCTION.—In an action to enforce an easement in ditches across defendant's land, a decree, based upon the findings which determined that plaintiff and defendant had common easements in the ditches, and made a proper division of the waters, and protected by injunction the rights awarded to plaintiff, and protected the right awarded to defendant, by ordering filled to its former capacity a ditch wrongfully enlarged by plaintiff, and by enjoining interference by plaintiff with defendant's rights as fixed by the decree, or as to his premises, except to clean out and repair the ditches to protect the rights awarded to plaintiff, does not fall short, in any degree, of securing the full rights of the, plaintiff, as settled by the findings and decree.

ID.—RIGHTS OF OWNER OF SERVIENT ESTATE.—The owner of a servient estate may use it in any manner that is consistent with the enjoyment of the easement; and where the enjoyment thereof by the plaintiff is not exclusive, may have a common use thereof which does not interfere with the plaintiff's use.

ID.—SPECIAL VERDICT OF JURY—ADOPTION BY COURT—SUFFICIENCY OF FINDINGS.—Where a special verdict of a jury determined the issues between the parties, the adoption thereof by the court obviated the necessity of further finding thereupon.

ID. — IMMATERIAL OMISSIONS IN FINDINGS — FORMER JUDGMENT — THREATS TO CONTINUE INTERFERENCE.—It was immaterial to omit to find upon a plea of a former judgment in answer to defendant's cross-complaint determining that plaintiff had an easement across defendant's land, which, if found upon would entitle her to no greater rights than those awarded her by the findings and decree. It was also immaterial to omit to find upon an issue of threats of the defendant to continue interference with plaintiff's rights, where such rights are protected by the injunction awarded to plaintiff.

ID.—COSTS IN EQUITY—DISCRETION — STATUTORY PROVISIONS — ACTION INVOLVING REAL ESTATE—PROTECTION OF EASEMENT.—The general rule that in suits in equity the costs may be apportioned according to the discretion of the court has been modified in this state by statutory provisions regulating the allowance of costs. An action involving the protection of an easement over defendant's land, in which issue is joined upon the easement, is an action involving the title or possession of real estate, within the fifth subdivision of section 1022 of the Code of Civil Procedure, which declares that costs are to be allowed of course upon a judgment in plaintiff's favor, though plaintiff recovers only a portion of the title or possession involved. The form of the action, and the fact that equitable relief is sought, are immaterial.

ID.—CROSS-COMPLAINT INVOLVING EASEMENT—PARTIAL RELIEF—APPORTIONMENT OF COSTS—ERROR NOT SHOWN.—Where there was also a cross-complaint, upon which issue was joined and partial relief awarded to the defendant, and the costs were apportioned between the parties, and no error appears upon the record, it will not be presumed that the rights of plaintiff were injuriously affected by the apportionment of the costs between the parties.

APPEALS from a judgment of the Superior Court of Siskiyou County and from an order denying a new trial. J. S. Beard, Judge.

The facts are stated in the opinion of the court.

R. S. Taylor, for Appellant.

The main issue being for the recovery of real estate, appellant was entitled to judgment upon the verdict as matter of right, by force of the verdict. (*Reiner* v. *Schroeder,* 146 Cal. 411, 80 Pac. 517.) The decree is not consistent with the prior judgment between the same parties in favor of the plaintiff.

The decree erroneously allows the defendant to change the easement.

Gillis & Tapscott, for Respondent.

The decree does not change the easement, but determines the extent thereof, as fixed by the special verdict and findings, and fully protects the rights of both parties. The owner of an easement cannot change its character, or materially increase the burden on the servient tenement, as plaintiff attempted to do, but it was to remedy his wrong. (*Purvis* v. *People's Ditch Co.*, 104 Cal. 248, 37 Pac. 922; *Learned* v. *Castle*, 78 Cal. 454, 461, 463, 18 Pac. 872, 21 Pac. 11.) Water-rights may be partitioned in equity. (*Head* v. *Amoskeog Mfg. Co.*, 113 U. S. 9, 21, 5 Sup. Ct. 441.)

SLOSS, J.—The plaintiff prosecutes two separate appeals, one from the judgment, and one from an order denying a motion for new trial. Both may be considered in a single opinion.

The plaintiff and the defendant are owners of adjoining tracts of agricultural land in Siskiyou County, plaintiff's holding lying to the west of defendant's. On the easterly side of the defendant's land there runs an irrigating ditch, variously designated in the record as the "Miller, Hoyt and Casedy Ditch" and as the "Burgess Ditch," and each of the parties claims an interest in a portion of the waters flowing through it. The complaint alleges that the plaintiff is the owner of two hundred inches, measured under a four-inch pressure, of the waters flowing through such ditch, which is stated to have a capacity of eight hundred inches. It is alleged that for forty years the plaintiff and her predecessors have conducted their share of the waters of the Burgess ditch over the lands of the defendant through a certain ditch and waterway, the course of which is described, and that they have so conducted such waters continuously, adversely, and under a claim of right. The complaint further sets forth that in May and June, 1903, while the plaintiff was on defendant's land, cleaning out the ditches and waterways connecting with her land, the defendant drove off her workmen and filled up the ditches, to her damage in the sum of two thousand dollars. The prayer is for judgment for the damage sustained, and for an injunction

restraining the defendant from preventing plaintiff from entering upon his lands and cleaning out the ditches across the same and restraining the defendant from filling up said ditches or interfering with the flow of plaintiff's waters therein. A temporary injunction, restraining these acts, was granted.

The answer denies that the Burgess ditch is capable of carrying more than six hundred inches of water, denies that plaintiff is the owner of two hundred inches of the water carried in it, and alleges that the Burgess ditch does not carry a steady and uniform flow of water, and that its owners are entitled not to a definite or fixed amount measured in inches, but only to a certain proportion of the water flowing in said ditch, the plaintiff's share being one eighth of such water. It is alleged that the defendant owns five eighths of the water flowing through the Burgess ditch, and that he has an interest in the other two eighths, subject to the right of C. Henry Haight to first use them for irrigating his lands. The answer denies that plaintiff has received her share of the water through any defined channel or watercourse across his lands, but asserts that he, the defendant, has used certain ditches to spread water from the Burgess ditch over his own property, and that plaintiff's water has come to her partly through these ditches, and partly by overflow on the surface of the soil. The defendant alleges, further, that plaintiff had come upon his land and torn out of his ditches a number of dams and gates and had dug new ditches, deepened the old ones, and so prevented defendant from using his irrigating system. The plaintiff's allegation of damage is denied.

In a cross-complaint the defendant sets up substantially the same matters pleaded in the answer, asks that the court divide the waters of the Burgess ditch according to the rights of the parties, that plaintiff be required to conduct her waters by a route to be directed by the court, outside of defendant's irrigated premises, and that plaintiff be enjoined from interfering with defendant's dams or ditches. Plaintiff's answer to the cross-complaint asserts that the Burgess ditch has a capacity of one thousand six hundred inches, denies the commission of the wrongful acts charged against her in the cross-complaint, and sets up a prior judgment by which it was determined that the plaintiff was the owner of a ditch and waterway across the lands of defendant for the purpose of conveying her waters

through said lands of defendant. This judgment is asserted as an estoppel precluding defendant from asserting that plaintiff is not the owner of said ditch and waterway. By order of the court, C. Henry Haight was brought in as a party, and filed a pleading asserting a claim to two eighths of the water of the Burgess ditch. As his rights are not here in dispute, they need not be further considered.

The cause was tried before a jury, which returned a general verdict in favor of the plaintiff, assessing her damages at one dollar, and, in addition, specially found as follows: "1st. We find that Mrs. Hoyt owns ⅛ of the Miller, Hoyt and Casedy ditch. 2d. The said ⅛ to be delivered over the premises of E. C. Hart and through what is known as the B ditch. 3d. Water to be measured at the point taken from the Miller, Hoyt and Casedy ditch between one foot and 100 feet north of where the back ditch leaves the Miller, Hoyt and Casedy ditch. 4th. Measuring-box to be placed in the west end of the B ditch between one foot and 100 feet from the fence or Hoyt line. 5th. Mrs. Hoyt to pay ⅛ of the expense for keeping up the said waterway and not to interfere in any way with the irrigating water system of the defendant." The court made its findings of fact, in which it set forth the foregoing verdict and special findings of the jury, and, as it recites, "after fully considering the verdict and findings of the jury," it found that the full capacity of the Burgess ditch is not more than six hundred inches; that the water actually carried in it during the irrigating season varies from time to time, at times getting as low as from forty to sixty inches; that the plaintiff and her predecessors owned an undivided one eighth of these waters, and the defendant, Hart, five eighths, Haight having a first right to the remaining two eighths; that plaintiff's proportion at no time exceeds seventy-five inches; that plaintiff and her predecessors have for many years conducted their one eighth part of the waters of the Burgess ditch over defendant's land through ditches and waterways in a described course; that since the commencement of the action the plaintiff has materially enlarged and deepened one of the ditches running through defendant's land, and has torn out defendant's dams and turnouts; that said ditch has been so enlarged that stock cannot cross it safely, and wagons or farming machinery cannot be driven over it; that these operations have prevented

defendant from using for irrigation his share of the waters. It is found that these ditches through defendant's land were constructed by him and his predecessors, and that for forty years said ditches have been used for irrigating the Hart premises.

Following these findings there was a decree or judgment, which, after setting forth the rights of the parties to the waters of the Burgess ditch, and the plaintiff's easement over the premises of the defendant, Hart, as described in the findings, declares that said easement of plaintiff is held by her in common with defendant, Hart, "and he has the right to conduct his waters through said ditches, etc. jointly with plaintiff and to the extent hereinafter specified." The decree then provides for a division of the waters of the Burgess ditch by means of a dividing box, and enjoins the defendant, Hart, from damming or filling up the ditches in which plaintiff has an easement so as to reduce their carrying capacity to less than seventy-five inches, "or from in any way or manner interfering with or arresting or diminishing the flow of water therein to which the plaintiff, Elizabeth Hoyt, is at any time entitled to have and receive as her proportionate share of the waters of said Burgess ditch; provided, however, that said defendant, Hart," shall be permitted to fill up said ditches so that they shall be as they were before plaintiff deepened them, and to use said ditches in common with plaintiff for carrying his own waters; "provided, however, that he at no time prevents the one eighth of the waters of the said Burgess . . . ditch from flowing down through said ditches." The plaintiff is by the decree enjoined from interfering with Hart's premises or his irrigating system, except for the purpose of cleaning out and repairing the ditches and waterways in which she has an easement. The costs are evenly divided between the parties, and judgment is given to plaintiff for $23.60, the excess of her costs, as taxed, over one half of the costs of both.

It has seemed necessary to make this somewhat extended statement of the pleadings, and the proceedings culminating in the decree, in order that the points made by the plaintiff on her appeals may be clearly set forth and discussed.

The appellant's principal objection is directed against the provisions of the decree which declare her right to an easement across defendant's land. It is claimed that the decree, in authorizing the defendant to use the ditches running over his

land in common with the plaintiff, deprives the plaintiff of the fixed and definite easement claimed by her. But we fail to see that these provisions of the decree fall short in any degree of securing to the appellant her full rights. It having been found that the water to which she is entitled is only one eighth of that flowing in the Burgess ditch, and that this one eighth at no time exceeds seventy-five inches, she is awarded by the decree a right to carry her share of the water over the defendant's land through the ditches and waterways in which she has claimed a right to carry it. It is true that defendant is also permitted to use these waterways, but his use can never, under the terms of the decree, infringe upon her rights. He is restrained from reducing these ditches so that their carrying capacity will be less than seventy-five inches, or from diminishing the flow of waters to which plaintiff is entitled, and his right to use the ditches is expressly made subject to the proviso that he at no time prevents plaintiff's one eighth of the waters of the Burgess ditch from flowing through the connecting ditches. There is no inconsistency between the portion of the decree declaring that plaintiff has an easement in these ditches and that portion which grants to defendant the right to use the ditches jointly with plaintiff for the purpose of carrying his waters. The easement is a right to use the lands of the defendant for conducting her waters to her lands. It can coexist with a right in the defendant or any one else to use the same waterways, so long as such use does not restrict or interfere with the right owned by the plaintiff. It would not be claimed that merely because A has a right of way over B's land, B cannot under any circumstances use the portion of his land affected by the easement in a manner which does not infringe upon the exercise of such easement. It is well settled, as a general proposition, that the owner of the servient estate may use his property in any manner and for any purpose consistent with the enjoyment of the easement. "Thus in a case of a way the owner of the servient estate may use the land over which it passes in any manner which does not materially impair or unreasonably interfere with its use as a way. He may himself use it as a way . . . unless the rights of the owner of the easement are exclusive." (14 Cyc. 1208, and cases cited.) In the case at bar there is no allegation that the plaintiff's right was exclusive. The

court found, and the evidence fully supported the finding, that for forty years the defendant and his grantors had used the ditches as a portion of the irrigating system of the Hart lands. This finding, which was within the issues, necessarily called for the adjudication that Hart might continue to use these ditches, provided that he so used them as not to interfere with plaintiff's right.

It is suggested that as defendant is permitted to reduce the capacity of the ditches to seventy-five inches, and to use them in common with plaintiff, the plaintiff may be restricted to one half of the capacity of a ditch which when full is only large enough to accommodate the flow to which she is entitled —viz. seventy-five inches. In answer to this it is sufficient to say that defendant's right to use the ditches is always subject to the proviso that he shall not interfere with the flow to which plaintiff is entitled. If the ditches be reduced to a capacity of seventy-five inches, defendant will be entitled to use them only when plaintiff's one-eighth share of the waters of the Burgess ditch amounts to less than seventy-five inches, and then only to such extent as will not prevent plaintiff from receiving her full one-eighth share.

There is no force in the contention that the court failed to find upon material issues. The issue raised by the allegation (and denial) that defendant trespassed upon plaintiff's easement to her damage is determined by the verdict of the jury, which, from the findings and the judgment, appears to have been adopted and accepted by the court. Such adoption obviated the necessity of any further finding. (*Goldman* v. *Rogers,* 85 Cal. 578, [24 Pac. 782]; *Morrison* v. *Stone,* 103 Cal. 94, [37 Pac. 142].) There is no finding upon the issue tendered by the answer to the cross-complaint, alleging a former judgment in favor of plaintiff, but the absence of such finding is immaterial. Plaintiff relied upon this judgment merely for the purpose of establishing her right to an easement for conveying her water across defendant's land. She has been awarded the easement claimed, and would be entitled to no greater rights if the court had expressly found that such easement had been established in her favor by a prior judgment. As we have seen, plaintiff's ownership of an easement over defendant's land is in no degree inconsistent with the use by defendant of the servient tenement, so long as such use is

subordinate to the easement and does not restrict or limit its exercise. The former judgment declaring plaintiff's title to such easement did not purport to determine whether or not defendant had a right to use the ditches. It merely determined that plaintiff had a certain right in them. This right is secured to her by the present decree. A finding that the former judgment was in force would not have entitled her to any greater relief than she received. The absence of such finding cannot therefore affect the judgment now complained of. (*Gould* v. *Adams,* 108 Cal. 365, [41 Pac. 408] ; *Blochman* v. *Spreckels* 135 Cal. 662, [67 Pac. 1060].) In plaintiff's plea of former judgment the allegation is that it had been adjudicated that, she was the owner of a "ditch and waterway" across the lands of defendant for the purpose of conveying waters. In the foregoing discussion we have treated this allegation as meaning no more than that she owned an easement or right to carry waters over his lands through a ditch or waterway, and such we think is the proper construction of the language quoted.

For reasons above stated, it is of no importance that the court did not find that defendant threatened to continue to commit the acts complained of. The purpose of the allegation to this effect was to entitle plaintiff to an injunction restraining such acts, and this relief was granted her.

The appellant contends that the court erred in dividing the costs between the parties. The general rule is undoubtedly that in suits in equity the costs may be apportioned according to the discretion of the court. But the rule has been modified in this state by statutory provisions regulating the allowance of costs. Section 1022 of the Code of Civil Procedure declares that "costs are allowed, of course, to the plaintiff, upon a judgment in his favor, in the following cases: . . . 5. In an action which involves the title or possession of real estate. . . ." We think this action, in which the main issue was whether or not the plaintiff was the owner of an easement over defendant's land involved the "title or possession to real estate" within the meaning of this section. An easement is real estate; and its possession or title is involved in an action seeking damages for past trespasses and a restraint against future trespasses upon such easement, where the defendant puts in issue the existence of the easement. Many cases holding that such actions come within the terms of similar statutes

are cited in 11 Cyc. .49, 50, and the same result must follow from the former adjudications of this court. (*Schmidt* v. *Klotz,* 130 Cal. 224, [62 Pac. 470] ; *Sierra Union etc. Co.* v. *Wolff,* 144 Cal. 430, [77 Pac. 1038] ; *Gibson* v. *Hammang,* 145 Cal. 454, [78 Pac. 953]. See, also, *Kelly* v. *Central Pacific R. R. Co.,* 74 Cal. 565, [5 Am. St. Rep. 470, 16.Pac. 386].) And, if the action involves the title or possession of real estate, it is immaterial what the form of action may be, or whether the relief sought is in whole or in part equitable. If the plaintiff recovers, even though only as to a portion of the title or possession involved, the right to costs follows of course under the terms of the statute. (*Sierra Union etc. Co.* v. *Wolff,* 144 Cal. 430, [77 Pac. 1038] ; *Gibson* v. *Hammang,* 145 Cal. 454, [78 Pac. 953].)

So far, therefore, as concerned the trial of the issues arising on the complaint and the answer thereto, the plaintiff, having prevailed, was entitled to costs. But there was also a cross-complaint, involving in like manner the title or possession of real estate. As to this the defendant was plaintiff, and he succeeded in establishing in part the right claimed, and was granted relief. If the questions raised by the cross-complaint and the answer thereto had been litigated in a separate action, the defendant herein, who would have been plaintiff in such action, would have been entitled to his costs. We think his right thereto is not affected by the fact that he prosecuted his claim as plaintiff in a cross-complaint. On the record before us it does not appear what portion of the total costs were properly attributable to the trial of the original action, and what portion to the trial of the cross-action. So far as we can see, the division of the costs made by the court may have resulted in giving to each of the parties the exact amount of costs which he or she had the right to recover. Error will never be presumed, but must be made to affirmatively appear, and this court cannot say that any right of the plaintiff was injuriously affected by the apportionment of costs directed by the judgment.

The decree, probably through inadvertence, omits to give plaintiff judgment for the one dollar damages awarded her by the verdict of the jury. This oversight we regard as too trifling to require even a modification of the judgment.

The judgment and order appealed from are affirmed.

Angellotti, J., and Shaw, J., concurred.

Hearing in Bank denied.