[Civ. No. 1182.   First Appellate District.—April 22, 1914.]

## F. A. HIHN COMPANY, Appellant v. CITY OF SANTA CRUZ et al., Respondents.

Costs—Suit to Quiet Title—Judgment Favorable in Part to Both Plaintiff and Defendant.—Where in an action to quiet title the plaintiff is adjudged to be the owner and entitled to the possession of a specified portion of the property in controversy, and the defendant the owner and entitled to the possession of the remainder, the plaintiff, as well as the defendant, is entitled to his costs as a matter of right.

APPEAL from an order of the Superior Court of Santa Cruz County in the matter of costs.   Lucas F. Smith, Judge.

The facts are stated in the opinion of the court.

Charles B. Younger, for Appellant.

Netherton & Torchiana, for Respondents.

LENNON, P. J.—This is an appeal from an order of the lower court whereby the defendants' motion to strike out plaintiff's bill of costs was granted, and the plaintiff's motion to strike out defendants' bill of costs was denied.

The action out of which the claimed costs arose was one to quiet plaintiff's title to certain land in the city of Santa Cruz. The motion to strike out plaintiff's bill of costs was made and granted solely upon the ground "that the plaintiff did not recover judgment in said action, and that the defendants recovered judgment in said action for all of the land to which said defendants or either of them claim any right or title." Each of the defendants, by appropriate denials in their respective answers, put in issue the plaintiff's ownership of all or any portion of the land described in the complaint. Upon the issue thus raised the case was tried by the court, and resulted in a judgment favorable in part to both the plaintiff and the defendants, that is to say, the trial court found and adjudged that the plaintiff was the owner in fee simple and entitled to the possession of a specified portion of the land in controversy, and that the defendant, city of Santa Cruz, was the owner in fee simple, entitled to and in the possession of the remainder of such land. In addition the trial court found and adjudged that the defendant, Union Traction Company, was the owner of and in the possession of a certain right of way along and upon that portion of the land in controversy adjudged to be the property of the defendant, city of Santa Cruz. The judgment carried an award of costs to each defendant, but none to the plaintiff.

The motion to strike out plaintiff's bill of costs should have been denied. The action, as stated, was one to quiet title to real property, and the judgment, to the extent that it affirmed plaintiff's title to a portion of the land in controversy, was favorable to the plaintiff. Therefore the plaintiff as well as the defendants was entitled to costs as a matter of right (Code Civ. Proc. secs. 1022, 1024; *Schmidt* v. *Klotz,* 130 Cal 223, [62 Pac. 470]; *Sierra Union* v. *Wolff,* 144 Cal. 430, [77 Pac. 1038]; *Hoyt* v. *Hart,* 149 Cal. 722, [87 Pac. 569]).

The order appealed from, in so far as it purports to strike out the plaintiff's bill of costs, is reversed.

Richards, J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 20, 1914.