[Civ. Nos. 1937, 1938, 1939.   First Appellate District.—September 13, 1916.]

STIMSON CANAL & IRRIGATION CO. (a Corporation), Respondent, *v.* LEMOORE CANAL & IRRIGATION CO. et al., Appellants.

STIMSON CANAL & IRRIGATION CO. et al., Respondents, *v.* PEOPLE'S DITCH CO. et al., Appellants.

CUTHBERT BURRELL CO. et al., Respondents, *v.* PEOPLE'S DITCH CO. (a Corporation), Appellant.

COSTS—ACTION INVOLVING WATER RIGHTS—RIGHT OF PLAINTIFF.—An action concerning water rights is an action in the nature of a suit to quiet title to real property, and it falls, so far as regards costs, within the provisions of section 1022 of the Code of Civil Procedure, which declares that costs are allowed, of course, to the plaintiff upon a judgment in his favor in an action which involves the title or possession of real estate.

ID.—JUDGMENT FOR PART OF DEMAND—RIGHT TO COSTS.—In an action involving water rights, where the plaintiff recovers a judgment for only a part of its demand, it is nevertheless entitled to its costs.

APPEALS from orders of the Superior Court of Fresno County denying motions to strike out cost bill.   Geo. E. Church, Judge.

The facts are stated in the opinion of the court.

E. C. Farnsworth, L. L. Cory, and H. Scott Jacobs, for Appellants.

Frank H. Short, W. A. Sutherland, and M. K. Harris, for Respondents.

THE COURT.—The point involved in the three cases above entitled is identical, and they may be considered together.

The judgment in each case quieted the plaintiff's title to certain water rights subject to the title of the appellant, and the court awarded plaintiff its costs.   The appellant moved to strike out the plaintiff's cost bill.   From the order in each case denying the motion the appeal is prosecuted.

It is conceded that the action concerning as it does the water rights of the parties in a certain river in Fresno County, is an action in the nature of a suit to quiet title to real property. It falls, therefore, so far as regards costs within the provisions of section 1022 of the Code of Civil Procedure, which declares that ''Costs are allowed of course to the plaintiff, upon a judgment in his favor, in the following cases: . . . 5. In an action which involves the title or possession of real estate. . . .'' While it is true that the plaintiff did not receive all that it asked for in its complaint, nevertheless it recovered a judgment for part of its demand, and is therefore entitled to costs (*Hoyt* v. *Hart,* 149 Cal. 722, 731, [87 Pac. 569] ; *F. A. Hihn Co.* v. *City of Santa Cruz,* 24 Cal. App. 365, [141 Pac. 391].) In each case the appellant in its answer also claimed the right to divert certain quantities of water from said river, and also alleged that its rights in that regard were prior to those of the plaintiff. It also recovered judgment for part of what it claimed, and perhaps it was entitled to its costs; but as to this it is sufficient to say that that question is not before us.

The order in each of the cases above entitled denying appellant's motion to strike out plaintiff's cost bill is therefore affirmed.