[Civ. No. 4916.    First Appellate District, Division One.—March 26, 1925.]

F. E. SMITH, Respondent, v. ERI H. RICHARDSON, Appellant.

[1] FINDINGS—ACTION UPON NOTE—IMMATERIAL ISSUE.—In an action upon a promissory note, where the answer admits the execution of the note, but by way of affirmative defense alleges that the note was given in payment of a certain tractor, and it is then

charged that certain representations were made concerning the engine which were false, and that upon discovery of this fact defendant gave notice of rescission and offered and did return everything of value, and the court finds against defendant upon every allegation of fraud and misrepresentation upon which the right of rescission was premised, and there is also a general finding that none of the allegations of the answer are true, the failure of the court to make an express finding upon the question of rescission is not prejudicial to defendant, and does not constitute reversible error.

(1) 4 C. J., p. 1060, n. 12.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Franklin A. Griffin, Judge. Affirmed.

The facts are stated in the opinion of the court.

J. R. Cunnyngham and Samuel Hamburg for Appellant.

C. W. Humphreys for Respondent.

TYLER, P. J.—Plaintiff prosecutes this action upon a promissory note executed by the defendant for the sum of $428.50. **[1]** Defendant by answer admitted the execution of the note, but by way of affirmative defense alleged that at the time of its execution plaintiff and defendant entered into a conditional sales contract for the purchase and sale of a certain tractor and that the note was given in payment thereof. It is then charged that at that time certain representations were made concerning the engine which were false, and that upon discovery of this fact defendant gave notice of rescission and offered and did return everything of value. Judgment went for plaintiff and defendant appeals.

It is here claimed that the court below failed to make a finding upon the issue of rescission, for which reason, it is urged, the judgment should be reversed.

Every allegation of fraud and misrepresentation upon which the right of rescission was premised was found against appellant. The findings are full and complete upon the subject.

There is also a general finding that none of the allegations of the answer are true.  While there is no express finding upon the question of rescission, still the findings are specific against defendant's claim of fraud upon which he predicated his right to rescind.

The mere omission, therefore, of a finding upon the question of rescission did not prejudice appellant.

Where a finding is omitted upon an issue which would necessarily be against appellant if a finding were made thereon, appellant is not injured thereby.  Here the court found upon issues that ultimately and necessarily determined the case and they support the judgment.

This being so, other issues became unimportant and failure to find thereon in no manner prejudiced the defendant nor does it constitute grounds for reversal.  (*Morrison* v. *Stone,* 103 Cal. 94 [37 Pac. 142].)

Judgment should be affirmed.  It is so ordered.

Knight, J., and Cashin, J., concurred.