[No. 19572.    Department Two.—August 3, 1895.]

FREDERICK GOULD, EXECUTOR, ETC., APPELLANT, v. ASA ADAMS ET AL., RESPONDENTS.

APPEAL—LAW OF CASE.—Where a judgment has been reversed on a former appeal on the same state of facts which appear on a second appeal, the decision of the former appeal is the law of the case upon the second appeal.

FINDINGS—IMMATERIAL OMISSION.—Where the facts found sustain the judgment, an omission to find upon immaterial issues, a finding on each of which in favor of the other party would not necessitate any change in the judgment rendered, is not ground for a reversal.

MORTGAGE—EXECUTION BEFORE DELIVERY OF DEED TO MORTGAGOR—PRIORITY OF MORTGAGE FOR PURCHASE MONEY—FORECLOSURE—AMENDED ANSWER—MOTION TO STRIKE OUT.—In an action for the foreclosure of a mortgage executed before the delivery of a deed to the mortgagor, where the effect of an original answer and cross-complaint of a defendant claiming under a mortgage for purchase money, as construed upon a former appeal, was to deny that the deed to the plaintiff had been delivered when the mortgage for the purchase money was executed, and it was held upon the former appeal that such nondelivery made the mortgage for the purchase money prior to the plaintiff's mortgage, an amended answer upon a second trial, which expressly denies that the deed was delivered at the time of the execution of the mortgage for the purchase money, cannot be stricken out as inconsistent with the original answer and cross-complaint.

APPEAL from a judgment of the Superior Court of Los Angeles County.  WALTER VAN DYKE, Judge.

The facts are stated in the opinion of the court rendered upon the former appeal in *Gould* v. *Wise*, 97 Cal. 532, and in the opinion rendered upon this appeal.

*Richards & Carrier,* and *George H. Gould,* for Appellant.

The decision upon the former appeal is not *res adjudicata,* there being uncontradicted testimony on the second trial which was not the same as that given on the first trial. (*McLeran* v. *Benton,* 73 Cal. 337; 2 Am. St. Rep. 814.) The mortgagee for purchase money knew that the deed had gone on record, and that plaintiff's mortgage had been taken on the strength of it, before he accepted the cash payment and took his mortgage for purchase money, and the acceptance of the money validated plaintiff's mortgage. (*Verplank* v. *Sterry,* 12 Johns. 536; 7 Am. Dec. 348; *Duncan* v. *Hodges,* 4 McCord, 239; 17 Am. Dec. 734; Civ. Code, sec. 1589.) The mortgage for purchase money waived any prior vendor's lien. (*Gessner* v. *Palmateer,* 89 Cal. 89; *Baum* v. *Grigsby,* 21 Cal. 172; 81 Am. Dec. 153; *Johnson* v. *Nunnerly,* 30 Ark. 153; *Hunt* v. *Waterman,* 12 Cal. 301; *Avery* v. *Clark,* 87 Cal. 619; 22 Am. St. Rep. 272; *Cronister* v. *Cronister,* 1 Watts. & S. 442; *Shontz* v. *Brown,* 27 Pa. St. 123; *Bull* v. *Willard,* 9 Barb. 641.) The amended answer and cross-complaint should have been stricken out, as defendant cannot be allowed after appeal to try the case on new issues. (*Johnson* v. *Kirby,* 65 Cal. 482; *Heinlen* v. *Beans,* 73 Cal. 240; *Spanagel* v. *Reay,* 47 Cal. 608, followed in *Harney* v. *Corcoran,* 60 Cal. 314; *McPherson* v. *Weston,* 85 Cal. 90; *Hayden* v. *Hayden,* 46 Cal. 333, 337; Bliss on Code Pleading, secs. 428, 430.)

*H. H. Appel, F. R. Willis,* and *Houghton, Silent & Campbell,* for Respondents.

The decision on the former appeal was the law of the case. (*Gould* v. *Wise,* 97 Cal. 532.) The covenants in the contract of purchase being mutual and dependent, the title to the property, although the deed came wrongfully into the possession of the purchaser, did not pass to the purchaser without his having first complied with

the conditions of the contract of purchase. (*Hill* v. *Grigsby*, 35 Cal. 656; *Englander* v. *Rogers*, 41 Cal. 420; *Stockton Sav. etc. Soc.* v. *Hildreth*, 53 Cal. 721; *Ernst* v. *Cummings*, 55 Cal. 179; *Beem* v. *McKusick*, 10 Cal. 538; *Dyson* v. *Bradshaw*, 23 Cal. 528; *Demesney* v. *Gravelin*, 56 Ill. 93; *Skinner* v. *Baker*, 79 Ill. 496; *Hinman* v. *Booth*, 21 Wend. 267; *Abbott* v. *Alsdorf*, 19 Mich. 157; *Smith* v. *South Royalton Bank*, 32 Vt. 341; 76 Am. Dec. 179; *Robbins* v. *Magee*, 76 Ind. 381; *Blight* v. *Schenck*, 10 Pa. St. 285; 51 Am. Dec. 478.) The vendor had an equitable lien created by an express executory contract, which was known to plaintiff, and which could not be extinguished without payment of the purchase price, and was not extinguished by the mortgage for the purchase money. (1 Pomeroy's Equity, 147; *Chase* v. *Peck*, 21 N. Y. 581; *Dingley* v. *Bank etc.*, 57 Cal. 470; *Daggett* v. *Rankin*, 31 Cal. 321, 328; *Love* v. *Sierra Nevada etc. Co.*, 32 Cal. 653; *Racouillat* v. *Sansevain*, 32 Cal. 377; *Remington* v. *Higgins*, 54 Cal. 623; *Sparks* v. *Hess*, 15 Cal. 193; *Brewster* v. *Bours*, 8 Cal. 502; *Griffith* v. *Grogan*, 12 Cal. 317; *Higgins* v. *Wortell*, 18 Cal. 333; *Crary* v. *Bowers*, 20 Cal. 88; *Smith* v. *Owens*, 21 Cal. 23; *Welch* v. *Allington*, 23 Cal. 323; *Brown* v. *Olmsted*, 50 Cal. 165; *Carr* v. *Caldwell*, 10 Cal. 380; 70 Am. Dec. 740; *Swift* v. *Kraemer*, 13 Cal. 530; 73 Am. Dec. 603; *Barber* v. *Babel*, 36 Cal. 23; *Shinn* v. *McPherson*, 58 Cal. 596; *Burns* v. *Thayer*, 101 Mass. 426; *Smith* v. *Stanley*, 37 Me. 13; 58 Am. Dec. 771; Jones on Mortgages, secs. 924, 925; *Flanagan* v. *Cushman*, 48 Tex. 245; *Bunker* v. *Barron*, 79 Me. 62; 1 Am. St. Rep. 284; *Whittacre* v. *Fuller*, 5 Minn. 508; *Naltner* v. *Tappey*, 55 Ind. 107; *Walters* v. *Walters*, 73 Ind. 425; *Matzen* v. *Shaeffer*, 65 Cal. 81; *Gans* v. *Thieme*, 93 N. Y. 232; *Yaple* v. *Stephens*, 36 Kan. 680; *Bacon* v. *Goodnow*, 59 N. H. 415; Jones on Mortgages, sec. 926; *Carpenter* v. *Mitchell*, 54 Ill. 126; *Thompson* v. *Heffner*, 11 Bush (Ky.), 353; *Stricklin* v. *Cooper*, 55 Miss. 624; *Stratton* v. *Gold*, 40 Miss. 778; *Peters* v. *Clements*, 46 Tex. 114; *Masterson* v. *Cohen*, 46 Tex. 520; *Lusk* v. *Hopper*, 3 Bush (Ky.), 179; *McCaslin* v. *State*, 44 Ind. 151; *Bozeman* v.

*Ivey*, 49 Ala. 75; *Warren* v. *Branch*, 15 W. Va. 21; *Dukes* v. *Turner*, 44 Iowa, 575; *Brannan* v. *Mesick*, 10 Cal. 95.)

VANCLIEF, C.—Action to foreclose a mortgage executed by defendant Adams to plaintiff's testatrix, in which John Wise was made a party defendant on the ground that he had a mortgage on the same land alleged to be subsequent and subject to that of plaintiff. Wise answered, and also filed a cross-complaint claiming that his mortgage was prior and superior to that of plaintiff and praying that it be foreclosed as such. On the first trial of the cause the plaintiff prevailed and the defendant appealed. This court reversed the judgment and remanded the cause for a new trial. (*Gould* v. *Wise*, 97 Cal. 532.) Upon the new trial the mortgage of defendant Wise was adjudged to be prior and superior to that of the plaintiff and ordered to be first satisfied from the proceeds of the foreclosure sale. From this judgment the plaintiff brings this appeal on the judgment-roll, containing a bill of exceptions as to matters of both law and fact.

On the former appeal the judgment was reversed on a state of facts fully set forth in the opinion of the court by Mr. Justice Garoutte. On the new trial the lower court again found the same facts, and nothing inconsistent with nor in avoidance of them. If these findings of fact on the new trial are justified by the evidence, as I think they are, it follows that the former decision is the law of the case.

Appellant complains that the court failed to find upon certain specified issues of fact, but, in view of the facts found, those issues were immaterial. A finding on each of them in favor of the plaintiff would not have necessitated any change in the judgment rendered.

It is further contended that the court erred in denying plaintiff's motion to strike out defendant's answer on the alleged ground that the amended answer is inconsistent with the original answer, in that the latter avers, and the former denies, that the deed from Wise to Adams

was delivered. But there is no such inconsistency. The amended answer does not deny the delivery of the deed from Wise to Adams, but merely denies that it was delivered at the time of the execution of the mortgage from Adams to plaintiff's testatrix; and this was the effect of the original answer and cross-complaint as construed on the former appeal. The principal ground upon which the first judgment was reversed was that the deed from Wise to Adams had not been delivered at the time the mortgage from Adams to Julia F. Gould was executed.

On the law of the case as determined on the former appeal the judgment should be affirmed.

Searls, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.

McFarland, J., Temple, J., Henshaw, J.

Hearing in Bank denied.