[Civ. No. 2791. First Appellate District, Division Two.—June 12, 1919.]

## A. J. WEICHERS, Appellant, v. ELMO DEHAIL, Administrator, etc., Respondent.

[1] LEASES—BREACH—MEASURE OF DAMAGES—PROOF.—In an action to recover damages for breach of an express covenant of a lease and of claimed implied covenants, the plaintiff may recover nominal damages only where he fails to prove the amount of damage suffered.

[2] ID.—INSUFFICIENCY OF PROOF—UNNECESSARY FINDINGS.—In this action, in view of the entire lack of evidence of the amount of damages resulting naturally and proximately from the claimed breaches of the lease, the conclusion of the court that the plaintiff was entitled to damages in the sum of one dollar, based on findings in favor of the plaintiff, rendered unnecessary an express finding on the adequacy of the heating plant on the leased premises.

[3] ID.—FAILURE TO FIND ON MATERIAL ISSUE—APPEAL—REVERSAL.—Even though the trial court fails to find upon a material issue, unless a finding in favor of the appellant upon that issue would work a reversal, the judgment will be sustained on appeal.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Daniel C. Deasy, Judge. Affirmed.

The facts are stated in the opinion of the court.

Arthur H. Barendt and William Klein for Appellant.

Ingall W. Bull, Henry T. Gage and W. I. Foley for Respondent.

BRITTAIN, J.—The plaintiff appeals from a judgment in his favor for damages in the sum of one dollar in a suit in which trial by jury was waived, upon a cause of action of the lessee of a portion of a building in San Francisco, for hotel purposes, for breach of an express covenant of the lease and of claimed implied covenants. The record is voluminous, and since the judgment must be sustained, no purpose will be served by an extended recital of facts. It is enough to say that since the lease was for hotel purposes, the appellant claims there was an implied covenant

that the heating and hot-water plants should be adequate for the use to which the building was to be devoted. It is claimed the evidence shows that neither the heating nor hot-water plant was adequate, and because there was no direct and express finding upon the issue of adequacy that the judgment must be reversed.

On behalf of the respondent it is contended the rule of implied covenants does not go to the extent claimed by the appellant, and that the evidence upon the question of adequacy was conflicting; further, that a finding to the effect that the heating plant was installed and ready for use when the lessee entered into possession sufficiently met the issue of adequacy.

After the lease was executed, the landlord leased a portion of the ground floor of the building to other tenants who installed an auto truck repair-shop. There was evidence to the effect that the operation of the repair-shop, by reason of vibration and noise as well as by the filtration of smoke and noisome gases into the hotel, constituted such an injury to the leasehold as to amount to a constructive eviction under the implied covenant for quiet possession. The finding of the court and the conclusions of law support the position of the appellant in regard to this matter.

There was an express covenant in the lease, the substance of which was that if the hot-water tank of the building should be found to be inadequate, the landlord would install a second hot-water tank. Plaintiff demanded the installation of such a tank. At the time of trial it had not been installed. The court found that the defendant had offered to install the tank and that his offer had not been accepted. On behalf of the appellant it is argued that under the covenant when demand was made for the installation of the tank, the duty of the landlord to make the installation was fixed and that he should be held liable for damages by reason of his failure.

The questions of law and fact presented upon the matters involved in the foregoing statement are argued at length in the briefs. On behalf of the appellant it is most strongly urged that upon his proof of injury he was entitled to substantial damages and that the one dollar awarded him was wholly inadequate. There was evidence that some roomers left the hotel, that others insisted on

having their rooms changed from a point over the auto truck shop to other parts of the hotel, and that one possible patron of the hotel refused to take a room there because of the conditions of which complaint was made. There was also evidence that by reason of those conditions, the plaintiff had been compelled to reduce the price charged for certain of the rooms in the hotel. There is no evidence concerning the price placed upon any rooms by the lessee, nor the reduced price, nor the number of rooms involved in the reduction of the price. [1] There is no evidence that there were not other vacant rooms in the hotel, nor anything upon which to base even inferentially the amount of damage suffered by the plaintiff. In such a case nominal damages only may be awarded. The suit is upon the contract and not in tort. "The amount of recovery was not to be left, upon general principles, to the 'sound discretion' or 'dispassionate judgment' of the jury. It is an action to recover the actual and proximate damages caused to plaintiff by failure of defendant to perform his contract. Where there is a legal measure of damages, the jury must determine the amount as a fact; otherwise the law which so measures the damages would be of no avail." (1 Sutherland on Damages, 2.) "It is often said to be a paramount principle that the person injured shall receive compensation commensurate with his injury and no more. By reason of the breach of his contract, if he did break it, the defendant here became liable for the full amount of damages which resulted 'naturally' (that is, in usual course of things), and proximately from the breach. These were to be proved with reasonable certainty. The particulars of damage were so far capable of ascertainment and upon the plaintiffs was imposed the obligation of proving them. The matter should not have been left to the conjectures of jurymen." (*Parke* v. *Frank,* 75 Cal. 364–369, [17 Pac. 427, 429].)

The rule announced in *Parke* v. *Frank* has never been questioned in this state, nor, so far as the court is advised, in any other state. (13 Cyc. 214, "Damages," and cases cited in the note.) In the appellant's brief the only evidence called to the attention of the court on this subject is contained in a letter addressed to the landlord by the attorney for the tenant, in which upon the basis of the number of rooms in the hotel at fixed prices per room less an arbitrary

deduction of ten per cent for vacancies, it was computed the net income of the hotel should have been $2,196 per month. Following this computation is the statement: "This is what Mr. Weichers should take in from this hotel if it were in proper condition, located as it is on the main artery of the city. As you know, his income has ranged from one thousand dollars to one thousand two hundred dollars a month. The largest month he ever had was one thousand six hundred dollars. In other words, he has been running behind from nine hundred to a thousand dollars a month. Somewhere in these figures a basis of adjustment must be reached." In the absence of any evidence upon the subject, it cannot be assumed that but for the conditions of which the appellant complains there would have been no vacancies other than the arbitrarily fixed ten per cent. There is some evidence which would indicate that a portion of the failure of the lessee to receive what he ought to have received from the building was due to other causes than any default upon the part of the landlord. The trier of the facts would not have been justified in guessing what portion of the nine hundred to one thousand dollars a month the hotel proprietor was losing was due to causes of which he complained, nor without any basis of measure to render a judgment for unproved and speculative profits.

[2] In view of the entire lack of evidence of the amount of damages resulting naturally and proximately from the claimed breaches of the lease, the conclusion of the court that the plaintiff was entitled to damages in the sum of one dollar, based on findings in favor of the plaintiff, rendered unnecessary an express finding on the adequacy of the heating plant. [3] Even though the trial court fails to find upon a material issue unless a finding in favor of the appellant upon that issue would work a reversal, the judgment will be sustained. "The rule is, that if all material issues are not found upon, a reversal will not be ordered, unless the findings on those issues in favor of the appellant would entitle him to judgment. (*Morrison* v. *Stone,* 103 Cal. 94, [37 Pac. 142]; *Gould* v. *Adams,* 108 Cal. 365, [41 Pac. 408].)" (*Blochman* v. *Spreckels,* 135 Cal. 664, [57 L. R. A. 213, 67 Pac. 1061].) "Although findings are required upon all material issues, a judgment will not be reversed for want of a finding, unless it shall

appear there was evidence before the court from which it was required to make a finding which would countervail its other findings." (*Bliss* v. *Sneeth*, 119 Cal. 528, [51 Pac. 849].)

In this case, if the court should adopt the theory of the appellant that there was an implied covenant that the heating plant should be adequate, and the facts warranted a finding that the heating plant was entirely inadequate and the lessee had sustained injury thereby, in the absence of evidence from which the measure of damage for that injury could be ascertained, he would be entitled only to a judgment for nominal damages under the rule announced in *Parke* v. *Frank*, *supra*.

Criticism is directed in appellant's brief to certain other findings, but they fall within the same rule as that applied to the absence of the finding on inadequacy of the heating plant. If they were in any degree defective and appellant's contentions in regard to them could be sustained, still there was no evidence to warrant a judgment for more than nominal damages.

The judgment is affirmed.

Langdon, P. J., and Haven, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 11, 1919.

All the Justices concurred, except Wilbur, J., who was absent.