[Civ. No. 5488. First Appellate District, Division One.—June 25, 1927.]

B. M. WEAVER, Respondent, v. ATLANTIAN CONSTRUCTION CO. (a Corporation) et al., Appellants.

Janeway, Beach & Pratt, S. T. Hankey and Lissner, Roth & Gunter for Appellants.

Cooper, Collings & Shreve for Respondent.

CAMPBELL, J., *pro tem.*—This action is one brought by respondent against Atlantian Construction Company, a corporation, and against each of the stockholders thereof as copartners. The relief sought is for damages for the alleged breach of a building contract executed by respondent and Atlantian Construction Company, a corporation, the breach complained of being the alleged failure of the defendants to complete the construction of the building and the alleged allowance by defendants of the filing of certain mechanics' and materialmen's liens. From the judgment against the corporation for the sum of $2,877.57 and against each of the stockholders of the corporation for the full amount thereof Atlantian Construction Company and J. H. Meyering, one of the stockholders, have appealed.

Appellants urge that the judgment cannot be sustained for two reasons: First, "there is no warrant either in the

facts or the law for the judgment against the stockholders of the defendant corporation as copartners," and, second, "the plaintiff wholly failed in making the necessary proof of the amount of damage suffered by reason of the alleged breach of contract."

The Atlantian Construction Company, alleged in the complaint first to be a corporation, is also upon information and belief alleged to be a copartnership consisting of each of the stockholders of the corporation. The allegation of the corporate existence is admitted, but the allegation of copartnership is denied. Upon the issue thus presented the court found "that the defendant Atlantian Construction Co., a corporation, is a corporation organized and existing under and by virtue of the laws of the State of California, and having its principal place of business at and within the County of Los Angeles, State of California. . . . That on the 29th day of November, 1921, said corporation was only an instrumentality used by the defendants J. H. Meyering, William P. Mason and W. H. Hicks, as copartners, in the furtherance of their copartnership business, and that such partnership was on said date engaged in the general construction and building business at and within the County of Los Angeles, State of California. . . . That on the 29th day of November, 1921, each of the defendants, including both the corporation and the stockholders, as copartners, entered into a certain building contract with the plaintiff." The findings proceed to set out the contract which recites that it is entered into by and between B. M. Weaver, party of the first part, and Atlantian Construction Company, a corporation, party of the second part, and is signed "Atlantian Construction Company by W. P. Mason, Sec'y" and bears the seal of the corporation.

There is neither allegation, proof, nor finding of fraud, plaintiff relying upon his contention of the existence of the alleged copartnership to sustain his judgment against appellant Meyering.

The first point urged "that there is no warrant either in the facts or the law for the judgment against the stockholders of the defendant corporation as copartners" is passed upon the case of *Stella Dee Weaver* v. *Atlantian Construction Co. et al., ante,* p. 154 [258 Pac. 111], a companion case in which the evidence on this point is the same,

this day decided, and on the authority of that case the judgment must be reversed.

■ As to the second point urged, "that plaintiff wholly failed in making the necessary proof of the amount of damage suffered by reason of the alleged breach of contract," the testimony of respondent is that he had paid out certain money to satisfy some four mechanics' liens; that when he came to simmer the thing down and found out what was actually against the place he paid them. Aside from the payment of these liens respondent expended moneys in completing the building. In this respect the evidence shows that he signed a contract under date of July 24, 1922, with one Milton R. Sutton for the completion of the building after the failure of appellant corporation to complete the same, and that the amount of the contract exceeded the amount remaining unpaid under the appellant corporation's contract. No proof was offered that respondent had received bids for completing the work; that he had given the contract to the lowest available contractor, or that the amount paid was a fair and reasonable value of the work performed.

■ Differing from an action in tort, the amount of the recovery in actions *ex contractu* is not left upon general principles to the sound discretion of the court or jury. Where there is a legal measure of damages the court or jury must determine the amount as a fact (*Park* v. *Frank,* 75 Cal. 369 [17 Pac. 427]; *Weichers* v. *Dehail,* 41 Cal. App. 547 [183 Pac. 187]). ■ As to the liens the evidence is merely to the effect that respondent paid the liens filed against the property; the liens themselves were not offered in evidence nor is there any evidence as to their validity. The right to enforce a mechanic's or materialman's lien depends upon a compliance within the requirements of the statutes, and the burden was upon respondent to show that the liens were valid and enforceable liens upon the premises. (*Wilson* v. *Nugent,* 125 Cal. 280 [57 Pac. 1008].)

The judgment is reversed and the cause remanded.

Tyler, P. J., and Knight, J., concurred.