[L. A. No. 10313. In Bank.—November 3, 1930.]

CLIFF HAHN et al., Respondents, v. FRANCES E. WILDE et al., Appellants.

Ewell D. Moore and James Farraher for Appellants.

W. A. Alderson for Respondents.

WASTE, C. J.—The defendants appeal from a money judgment in the sum of $7,000, plus interest and costs.

Plaintiffs and defendants entered into a written agreement for the exchange of properties. Among the items of property to be transferred to the plaintiffs were seventy shares of the U. S. Grant Hotel Company, of the par value of $100 each. Certificates for these shares were delivered to the plaintiffs, but they allege that at the time of the purported transfer the defendants were without right, title or interest in or to said shares by reason of the prior sale of the stock to a third person for nonpayment of an assessment levied thereon. The complaint then avers that the seventy shares were of the par value of $100 each, aggregating $7,000, and that plaintiffs had received and accepted them in exchange at their par value. This latter allegation is denied by the defendants in their answer. There is also an allegation that plaintiffs had offered to return the asserted worthless certificates to the defendants, the tender having been refused. Defendants introduced no evidence, but rested after their motion for a nonsuit, made at the close of plaintiffs' case, had been denied. Finding all of the allegations of the complaint to be true and those of the answer

to be untrue, the trial court gave judgment for the plaintiffs as prayed for.

The parties disagree as to the nature of the action. Appellants insist that it is an action for rescission, or the equivalent thereof, and that in the absence of a return or tender of everything received under the contract respondents are not entitled to judgment. Respondents, on the other hand, state that it is neither an action for rescission nor an action for damages for breach of contract, but, rather, an action for breach of implied warranty of title, or, otherwise stated, an action "to recover the amount paid for . . . shares of stock, for which the respondents gave a valuable consideration, and which was totally lost to them [respondents] because of failure of title". Whatever title be assigned to the action, it definitely appears from the averments of the complaint that the respondents are merely seeking to recover that which they assert was paid by them for seventy shares of stock, title to which they never received. In such an action it is essential, in order to determine the damage occasioned to the plaintiff by the nondelivery of the article sold, that he establish, among other things, the purchase price or consideration paid therefor. In the absence of such proof the detriment suffered by the vendee is incapable of calculation.

The record is destitute of evidence to support the allegation to the effect that the seventy shares of stock had been turned into the exchange at their par value, and in this particular appellants are correct in asserting that the findings are without support. During the course of the trial respondents offered no evidence as to the detriment incurred by reason of appellants' alleged failure to pass title to the shares of stock, but confined their proof solely and exclusively to the allegation that appellants were without right, title or interest in or to said stock at the time of the purported transfer. It is the settled rule that the burden of proving the extent of his damage is on the plaintiff. (*Parke* v. *Frank*, 75 Cal. 364, 370 [17 Pac. 427]; *Weichers* v. *Dehail*, 41 Cal. App. 547, 549 [183 Pac. 187]; 8 Cal. Jur. 895, sec. 131.) This is not an action for tort, where the amount of recovery is within the sound discretion of the trier of the facts, but, on the contrary, is an action to recover the

actual and proximate damages caused to the respondents by appellants' failure to pass title to certain shares of stock as agreed, viz.: the purchase price or consideration given in exchange therefor. It is a paramount principle that the person injured shall receive a compensation commensurate with his injury, and no more. By reason of appellants' failure to transfer title to the shares of stock if, in fact, they did fail in this regard, appellants became liable for the full amount of damages resulting therefrom. It was for the respondents, however, to prove the extent of their loss with reasonable certainty.

In the absence of proof that the shares had been turned into the exchange at their par value, as alleged—which proof, if supplied, would have definitely fixed respondents' loss to $7,000, and would have warranted judgment for that amount—the respondents, in an attempt to overcome the deficiency in the proof as to damages, rely on the rule, which finds some support in the authorities, that, in the absence of evidence, the par value of stock is, *prima facie*, its *actual* value. (*Peek* v. *Steinberg*, 163 Cal. 127, 134 [124 Pac. 834].) This rule can be of little assistance to respondents, for they are not here seeking to recover the *actual* value of the stock, but the sum which they assert was paid therefor. In the absence of reasonably certain proof fixing such purchase or exchange price it is impossible to properly determine the loss suffered by the respondents. To presume, under certain circumstances, that the par value of stock is, *prima facie*, its actual value does not warrant a presumption, in an action to recover the purchase price thereof, that stock was, in fact, purchased or accepted in trade at its par value. That the rebuttable presumption now relied on by respondents as evidence fixing the extent of their damage does not accord with the verity of the situation is admirably demonstrated by the statement of respondents' counsel in the trial court that this was an action to recover the par value of the stock, and that if appellants attempted "to show the *real actual* value of this stock we will object to it on the ground that this is not an action for damages for a breach of the contract to recover the value of the stock, but to recover what was paid for it, to-wit, the par value". By this statement respondents disprove the very presumption now

relied on by them, viz.: that at the time of transfer the par value and the actual value of the stock were one and the same thing. The presumption referred to might well be set up as evidence in an action for the conversion of stock, or for breach of an agreement to deliver stock, for in either case the plaintiff would merely be seeking to recover the loss proximately occasioned to him, namely, the value of the stock at the time of dispossession, or breach of agreement, as the case may be; and, in the absence of definite proof as to the value of the stock, the trial court might well presume, subject to the defendant's right to controvert the same, that the par value was, *prima facie*, its actual value. But where, as here, a plaintiff alleges that certain property was purchased or turned into an exchange at a certain definite figure or sum, which he paid and seeks to recover, the burden is upon him to establish that the property was, in fact, purchased or turned in at said figure or sum. In the absence of such proof, any determination of the issue is necessarily without support in the evidence. In passing, it may be said that the impropriety of giving effect in this case to the presumption relied on is borne out by the fact that stock of the par value of $100 was permitted to be sold for a delinquent assessment of $3.50 a share. The conclusion we have reached necessitates a retrial of the cause, and for this reason we will not consider the remaining contentions of the parties.

The judgment is reversed.

Langdon, J., Preston, J., Curtis, J., Seawell, J., and Richards, J., concurred.