[Civ. No. 7656. Second Appellate District, Division One.—July 19, 1933.]

B. M. FLORMAN, Respondent, v. GUS C. PATZER, Appellant.

H. M. Lineman and Mab Copeland Lineman for Appellant.

Dempster & Dempster for Respondent.

HOUSER, J.—While walking west, across the south side of Thirty-seventh Street, in the city of Los Angeles, at a

point where Thirty-seventh Street intersects Hill Street, plaintiff was struck by an automobile which at that time was being driven by defendant south on Hill Street. Thirty-seventh Street ends at the west line of Hill Street. In an action brought by plaintiff against defendant for damages which resulted from such accident, plaintiff was awarded a judgment therein for the gross sum of $2,625, of which amount the sum of $2,500 was for general damages, and the sum of $125 was for special damages. From such judgment defendant has appealed to this court.

Although it is admitted by appellant that within the contemplation of the law the accident occurred at an intersection of two streets, and consequently with reference thereto that the law finds its application, nevertheless it is within the contention of appellant that in reaching a conclusion as to whether either defendant was guilty of negligence, or plaintiff was guilty of contributory negligence, the situation with reference to the particular intersection should have been taken into consideration by the trial court. But conceding that the position assumed by appellant in that regard is correct, it nowhere appears in the record herein that in reaching its final decision the trial court failed to give consideration to such fact; and since the facts to which reference has been had were in evidence, it must be presumed that the manner in which the intersection of the streets was formed was among the several facts of which the trial court took notice in reaching its conclusion.

Specifically, the trial court found that defendant was guilty of negligence; and that plaintiff was not guilty of contributory negligence. Among the several findings of fact made by the trial court may be noted the following:

"That, at the time and place of the said accident, defendant was driving the said automobile in a street intersection at a rate of speed in excess of fifteen miles an hour.

"That the defendant, at the time and place of the said accident, was not looking where he was going; that if the defendant had been looking where he was going, he would have seen the plaintiff in time to avoid a collision with the plaintiff.

"That the defendant, at the time and place of the accident, was driving his automobile at such a rate of speed that he could not stop in time to avoid hitting the plaintiff,

after the plaintiff came within the area lighted by the lamps of the defendant's automobile.

"That it is not true that the plaintiff endeavored to cross the street at a place not intended for pedestrians.

"That, at the time and place of the accident, the street was wet and slippery from rain, which was at that time falling.

"That the accident happened in the evening, but it was not difficult to see; that, at the time and place of the accident, the visibility was such, that the plaintiff was visible to other persons at a distance of sixty (60) feet.

"That the plaintiff was crippled and using crutches, but that neither his crippled condition nor the use of crutches caused or contributed to the accident.

"That the plaintiff did not negligently proceed from a place of safety in the path of defendant's automobile, but, on the contrary, plaintiff was crossing the street, and had nearly reached the far side of the street when he was struck by the defendant's automobile.

"That the accident could have been avoided by the defendant, if the defendant had been using ordinary care."

Appellant does not complain either that such findings are not supported by the evidence, or that prejudicial error was committed by the trial court, either in receiving evidence offered by plaintiff, or in rejecting evidence offered by defendant. However, for a reversal of the judgment appellant principally relies upon each of two specifications of error: First, that defendant was not guilty of negligence; and second, that plaintiff was guilty of contributory negligence.

Within the evidence adduced on the trial of the action may be noted the following testimony: The accident occurred on a rainy night. With the assistance afforded him by two crutches, plaintiff was walking across the street in which he was injured in a position which would be within lines marked by a prolongation of the sidewalk lines of the intersecting street. On each of its "four corners" the intersection was illuminated by two electric lights. There was no "pedestrian lane". Before attempting to make the crossing, plaintiff looked both to his right and to his left. After reaching the center of the street which he had essayed to cross, he again looked to his right and,

at a distance of "three or four blocks", saw the automobile which defendant was driving approaching plaintiff from that direction. In the words of plaintiff, "I walked down then because I thought I would have time . . . watching that car . . . all the time . . . held up my crutch . . . I did keep looking north, and held up my crutch instantly, and I kept it up nearly all the way until he struck me. . . . He (defendant) was coming not slowly at all; . . . I considered it fast." Another witness testified that at the time the accident occurred defendant's auto was traveling at a rate of twenty miles per hour. Plaintiff also testified that he stopped just before he was struck by defendant's auto, which was at a point about eight feet from the curb. According to the testimony given by defendant, he was traveling at the rate of sixteen to eighteen miles an hour; his car was equipped with large two-wheel brakes which were in proper working order; also equipped with automatic windshield wiper which was in operation at the time, and with proper headlights, which were "on at the time"; he first observed plaintiff at a point twelve feet from the west curb line, at which time plaintiff was from four to eight feet from defendant; as soon as he observed plaintiff he "swerved", turning his automobile to the left to avoid striking plaintiff, but the right fender of his automobile struck plaintiff and knocked him to the pavement; several automobiles were traveling in a southerly direction and several were traveling in a northerly direction, at about the same rate of speed at which the automobile of defendant was traveling; the street lights cast shadows on the street so that visibility was poor, and headlights of automobiles approaching from the south reflected in the windshield of defendant's automobile at the time of the accident; and defendant's automobile did not skid at the time he turned to avoid striking plaintiff.

In substance and effect, repeatedly the law has been declared by the appellate courts of this state that on appeal from a judgment, where it appears that the evidence adduced on the trial of the action was such that an inference either of negligence of the defendant, or of contributory negligence of the plaintiff, fairly might have been drawn either by the jury, or by the trial court, a conclusion reached

thereon by either of such triers of fact may not be disturbed. (19 Cal. Jur. 723 et seq., and authorities there cited.)

Reverting to the established facts, it is clear that at and immediately preceding the time of the accident plaintiff not only had a lawful right to occupy the position in the street which he did, but that during all such time he was in the exercise of at least ordinary care for his safety and protection. Before attempting to cross the intersection of the two streets, he not only stopped, but he looked both to his left and to his right, and from such action he ascertained that in the latter direction the automobile driven by defendant at that time was at an estimated distance from plaintiff of "three or four blocks"; and notwithstanding his crippled condition, even handicapped by the enforced use of crutches, he advanced so far in crossing the intersection before he was struck by the automobile as to be within about eight feet of the curb of the sidewalk.

On the other hand, if for no other reason, defendant's negligence in the premises, which was the proximate cause of the accident, is established by the fact that at the time when and at the place where the accident occurred, he was driving his automobile in a street intersection at a rate of speed greater than that permitted by law; and that in the circumstances, "he could not stop in time to avoid hitting plaintiff". But in addition thereto, the established facts present the situation, as found by the trial court, "that at the time and place of the accident, the visibility was such that plaintiff was visible to other persons at a distance of sixty feet . . . ; that the defendant . . . was not looking where he was going; that if the defendant had been looking where he was going, he would have seen the plaintiff in time to avoid a collision with the plaintiff".

It becomes manifest that neither of the principal points presented by appellant is tenable.

However, appellant complains of the lack of evidence to support the finding of the trial court to the effect that plaintiff suffered special damages in the sum of $125. It is admitted by appellant that as a foundation for such award, testimony was adduced to the effect that plaintiff's artificial leg was bent and rendered practically useless, and that "his clothes were torn", etc. Respondent does not deny that no evidence regarding the value of any such

damaged articles was either offered to or received by the trial court. The general rule is that the burden of proving the extent of the damage alleged to have been suffered by him is on the plaintiff. (8 Cal. Jur. 895, and authorities there cited; *Hahn* v. *Wilde*, 211 Cal. 52 [293 Pac. 30].) The case of *Smith* v. *Calley*, 103 Cal. App. 735 [284 Pac. 974, 975], was for damages to an automobile which resulted from a collision between it and a motor-truck. Although it appeared in evidence that plaintiff's automobile had been driven several thousand miles, what was its original cost, and that after the collision it was "a complete wreck", it was held that because "there was no evidence of the amount of money required to repair the injuries, if they could be repaired, nor the value of the car after the accident", the evidence was insufficient to support the judgment.

It follows that the judgment herein should be modified by deducting therefrom the sum of $125. As thus modified, the judgment is affirmed. Appellant to recover costs.

Conrey, P. J., and York, J., concurred.