[Civ. No. 8943. Second Appellate District, Division Two.—December 31, 1934.]

CLIFF HAHN et al., Respondents, v. FRANCES E. WILDE et al., Appellants.

Ewell D. Moore and James Farrahar for Appellants.

W. A. Alderson, Frank J. McCarthy and L. M. Phillips for Respondents.

STEPHENS, P. J.—This appeal is from judgment for plaintiffs upon second trial of the case. An appeal from judgment for plaintiffs on the first trial resulted in reversal (211 Cal. 52 [293 Pac. 30]).

The questions presented on the first appeal and at this time are substantially the same, with one exception. Plaintiffs sued to recover $7,000 as the purchase or exchange price of 70 shares of stock which defendants were to deliver to them as part of the terms of an exchange agreement. The title to said shares was so imperfect by reason of a prior sale of them pursuant to an assessment that it constituted to that extent a failure of consideration. On the first appeal the Supreme Court declared that if there was proof that said shares "had been turned into the exchange at their par value, as alleged" it "would have definitely fixed respondents' loss to $7,000 and would have warranted judgment for that amount". On the second trial competent and persuasive evidence was presented establishing that very element in the case, and the trial court found (VIII) "that all of said shares of stock and the certificates representing them were delivered by the defendants to the plaintiffs at and for their par value, and were accepted and purchased

by the plaintiffs from the defendants at and for their par value"; and (IX) "that the plaintiffs gave and paid to the defendants as the purchase price of said shares of stock a consideration equal to the par value of said shares of stock, to wit: $7000.00".

■ Appellants protest that it was error to admit parol evidence as to the value of the stock, because there was a written contract which set out the terms of the agreement. No value was placed on the stock in the written contract, however, and when appellants failed to deliver good title it was obviously necessary and proper to determine that matter by oral testimony. Such a course was clearly indicated by the language quoted from the opinion on the earlier appeal.

■ The suggestion is made that the assessment under which the shares of stock in question were sold was void, and therefore no recovery should be had by respondents. What appellants actually offered to respondents was not good title to said shares of stock but a right of action of dubious value which would require legal proceedings to enforce. Since that was not what respondents had agreed to take, appellants had failed in their part of the bargain.

■ The further point that the contract was not divisible and that the "attempted rescission was unavailing" ignores the inferences which naturally flow from the language used in the opinion cited. Respondents were not rescinding the contract but were merely seeking to recover the purchase price of seventy shares of stock which they had agreed to take at a value of $7,000 and title to which they never received. Not having received that for which they had contracted, respondents were entitled to receive back the consideration paid therefor, even though the complete transaction was in the nature of an exchange rather than being broken up into a number of separate purchases.

Judgments affirmed.

Crail, J., concurred.

This opinion was prepared by Scott, J., *pro tem.*

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 30, 1935.